**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **MICHAEL ANDREWS,** ) | **CASE NO. 8:10CV353** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **GREG SCHATZ, State of Nebraska** ) | |
| **Douglas County Judge,** ) | |
| ) | |
| **Defendant.** ) | |

Plaintiff filed his Complaint in this matter on September 20, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

The Defendant is a judge of the Douglas County, Nebraska, District Court, Greg Schatz ("Judge Schatz"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a non-prisoner who currently resides in Omaha, Nebraska. (*Id*.; *See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that on April 23, 2010, Judge Schatz vacated a protection order against Brandy Workman ("Workman") without reviewing Plaintiff's evidence. (Filing No. 1 at CM/ECF p. 3.) Plaintiff alleges Judge Schatz failed to perform his duties diligently or impartially. (*Id*. at CM/ECF p. 4.) Plaintiff seeks "1.74 Trillion" dollars in monetary damages. (Filing No. 4 at CM/ECF p. 14; Filing No. 1 at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by

allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Moreover, "[a] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 12 (quotation omitted). Absolute judicial immunity applies to monetary damages claims only and does not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

As the Supreme Court set forth in *Mireles*, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself,'" and courts "look to the particular act's relation to a general function normally performed by a judge" in determining whether judicial immunity applies. *Mireles*, 502 U.S. at 13. The Eighth Circuit has specifically held that "conducting a trial is a judicial function" for which judges are entitled to absolute immunity. *Hollowell v. Johnson*, 46 F. App'x 388 (8th Cir. 2002) (unpublished).

Liberally construed, Plaintiff's Complaint alleges a monetary damages claim against Judge Schatz. (Filing No. 1 at CM/ECF pp. 2-4.) Specifically, Plaintiff alleges that on April 23, 2010, Judge Schatz vacated a protection order against Workman without reviewing Plaintiff's evidence. (*Id*. at CM/ECF p. 3.) There is no question that Judge Schatz's decision to vacate a protection order was an act taken in his judicial capacity and within his jurisdiction. At best, Plaintiff alleges that Judge Schatz negligently failed to consider evidence when he vacated the protection order. However, even if this act was deliberate, Plaintiff's allegations do not defeat judicial immunity. In short, Judge Schatz's act of vacating a protection order is a "general function" normally performed by judges. Judge

Schatz is therefore entitled to absolute judicial immunity, and Plaintiff's claims against him for monetary relief are dismissed with prejudice.

In addition, to the extent that Plaintiff asks this court to review and reverse Judge Schatz's April 23, 2010, decision to vacate a protection order against Workman, this court lacks subject matter jurisdiction.  The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).  In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional."  *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court" (citation omitted)).  Put simply, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding.  *See*, *e.g.*, *Poole v. Kolomitz*, 08-cv-01741-BNB, 2008 WL 4829849, at *1 (D.Colo. Nov. 5, 2008) (dismissing claims against state court judge for issuing a protection order on judicial immunity and *Rooker-Feldman* grounds).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed with prejudice;

2. All pending Motions are denied as moot; and

4

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 21st day of October, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.